# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

5/5/2014

RE:    DONNELL SANDERS v. JON D. FISHER, et al
        CA No. 12-5525

# NOTICE

       Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge Sitarski, on this date in the above captioned matter.  You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)).  **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge**.

       In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

       Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

                                MICHAEL E. KUNZ
                                Clerk of Court

By: _John Arrow_
                   John Arrow, Deputy Clerk

cc:    Courtroom Deputy to Judge LUDWIG
        SANDERS
        DUNLAVEY

civ623.frm
(11/07)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONNELL SANDERS, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | NO. 12-5525 |
| | : | |
| JON D. FISHER, ET AL., | : | |
| Respondents. | : | |



FILED

MAY − 2 2014

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

### REPORT AND RECOMMENDATION

**LYNNE A. SITARSKI**                                    **DATE: May 1, 2014**
**UNITED STATES MAGISTRATE JUDGE**

    Donnell Sanders ("Sanders") has filed a *pro se* Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254. Sanders asserts four grounds for habeas corpus relief arising out

of his convictions for burglary, aggravated assault, and possession of instruments of crime. The

District Attorney of Philadelphia County has filed a Response to the Petition for Writ of Habeas

Corpus. Sanders has filed a Reply. For the reasons that follow, I respectfully recommend that

Sanders' habeas petition be **DISMISSED**.


## I.     FACTS AND PROCEDURAL HISTORY

    At the beginning of August 2001, Gerald Raynor ("Raynor"), allowed Sanders to stay

with him at his apartment for a day and a half. (Resp. Ex. B at 1). On August 15, 2001, Raynor

and Sanders argued over items missing from Raynor's apartment. (*Id.*) The argument resulted in

Raynor calling the police. (*Id.*) On August 18, 2011, Raynor was laying in bed when he awoke

to find Sanders standing above him "with a scarf covering his mouth, a knife in one hand and a

gun in the other." (*Id.*) Sanders then hit Raynor in the right eye and head with the gun, and cut

and stabbed him in the chest and back with the knife as Raynor escaped to his living room. (*Id.*)
Sanders then fled through the front door of the apartment. (*Id.*)

In October 2002, Sanders was tried and convicted of burglary, aggravated assault, and
possession of instruments of crime. (Resp. Ex. B at 2-3). However, on direct appeal, the
Pennsylvania Superior Court vacated judgment and remanded for a new trial. (Resp. Ex. B at 3
(citing *Commonwealth v. Sanders*, 860 A.2d 1134 (Pa. Super. Ct. 2004)).) This decision was
filed with the Prothonotary of the Superior Court on August 17, 2004. (*Id.*)

On June 22, 2005, while still held in pretrial detention, Sanders filed a motion to dismiss
the charges under Rule 600 of the Pennsylvania Rules of Criminal Procedure because he was not
re-tried within 120 days of the date of the decision awarding him a new trial. (*Id.* (citing Pa. R.
Crim. P. 600(D)(2))). On July 6, 2005, the trial court declined to dismiss the charges, but
authorized Sanders' release on nominal bail. (*Id.*)

Sanders' second trial was scheduled to begin in September 2005. However, on
September 19, 2005, Raynor failed to appear in court. (*Id.*) The Commonwealth detailed its
unsuccessful attempts to locate Raynor and sought to admit his testimony from the first trial,
asserting that he was unavailable to testify. (*Id.*) The trial court denied the Commonwealth's
request, finding that it failed to make a reasonable, good faith effort to secure Raynor's presence
at the second trial. (*Id.*) The prosecutor then moved to enter *nolle prosequi* without prejudice so
the case could be reopened if Raynor could be found. (Resp. Ex. B at 3-4). The court granted
the prosecutor's motion. (Resp. Ex. B at 4).

On September 26, 2005, Raynor was located, and the Commonwealth moved to reinstate
the charges against Sanders. (*Id.*) Sanders responded by filing a motion to dismiss the charges

2

pursuant to Rule 600(G), asserting that his right to a speedy trial was violated because he was not re-tried within 365 days of the Superior Court's remand decision. (*Id.*) After a hearing, the trial court denied Sanders' motion and permitted the Commonwealth to reinstate the charges. (*Id.*) Sanders' second trial commenced on September 29, 2005, and he was convicted of all the charges against him. (Pet. at 1). On November 17, 2005, Sanders was sentenced to an aggregate term of ten to twenty years imprisonment. (Resp. Ex. B at 2).

Sanders filed a direct appeal and, on December 29, 2005, filed a Rule 1925(b) statement of issues to be raised on appeal identifying three claims:

(1)     the trial court erred in granting the Commonwealth's motion to vacate and lift the entry of the *nolle prosequi* dismissal;

(2)     the court abused its discretion in denying the Rule 600(G) motion to dismiss all charges; and

(3)     the court erred in denying a *Batson* motion.

(Resp. Ex. A at Appellant's 1925(b) Statement.) In February 2006, the Court of Common Pleas of Philadelphia issued a 1925(a) opinion recommending the denial of Sanders' claims. (Resp. Ex. A at Opinion of the Honorable Rosalyn K. Robinson.) Sanders, through appellate counsel, filed a direct appeal brief raising only two issues:

(1)     the trial court erred in denying his Rule 600(G) motion to dismiss, and

(2)     the trial court erred in granting the Commonwealth's motions to enter and then lift the *nolle prosequi* dismissal.

(Resp. Ex. A at 12-19.) Because Sanders did not assert the *Batson* claim in both the 1925(b) petition and direct appeal brief, the Superior Court viewed the claim as waived, and only

3

addressed the two remaining claims. *See* Rep. Ex. B (addressing only his Rule 600(G) and *nolle prosequi* claims).

On October 17, 2006, the Pennsylvania Superior Court issued a decision affirming Sanders' sentence and conviction. (Resp. Ex. B at 1). The Superior Court held that Sanders' claims lacked merit. (Resp. Ex. B at 4). Although the court acknowledged that the Commonwealth was required to re-try Sanders within 365 days of the date of remand, it held that Sanders had miscalculated the running of the time period. (Resp. Ex. B at 5). The Superior Court reasoned that "[w]hen an appellate court awards a criminal defendant a new trial, the 'date of remand' for Rule 600 purposes is the date on which the prothonotary of the appellate court actually remands the record to the trial court." (*Id.* (citing *Commonwealth v. Sisneros*, 692 A.2d 1105 (Pa. Super. 1997)).) Because the appellate court docket indicated that the record was remanded to the trial court on October 6, 2004, the Superior Court held that there was no violation of Rule 600 since the Commonwealth had until October 6, 2005 to re-try Sanders, and his trial actually took place on September 28, 2005, eight days before the time period elapsed. (Resp. Ex. B at 6). Because Sanders' speedy trial rights were not violated, the Superior Court also found no merit in Sanders' claim that the trial court erred in opening the *nolle prosequi* dismissal. (*Id.*) The Pennsylvania Supreme Court denied Sanders' petition for allowance of appeal on March 19, 2008. *Commonwealth v. Sanders*, 945 A.2d 169 (2008). Sanders did not file a petition for writ of certiorari with the United States Supreme Court.

On May 16, 2008, Sanders filed a *pro se* petition under the Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541-9546, alleging violations of his rights under federal and state law, and ineffectiveness of counsel. (Resp. Ex. C at 2). The PCRA court appointed counsel,

4

(Resp. Ex. G at 2), who subsequently filed a "no merit" letter pursuant to *Commonwealth v.*

*Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. Ct.

1988), asserting that Sanders' issues were meritless, and requesting permission to withdraw as

counsel of record. (Resp. Ex. D). On March 20, 2009, the PCRA court issued a notice, pursuant

to Rule 907 of the Pennsylvania Rules of Criminal Procedure, that it intended to dismiss

Sanders' petition without an evidentiary hearing. (Resp. Ex. G at 2). Sanders then filed a motion

seeking additional time to respond to the Rule 907 notice. (*Id.*) The PCRA court did not rule on

the motion, and formally denied Sanders' petition on May 1, 2009. (*Id.*)

Sanders filed a timely *pro se* notice of appeal, and a brief asserting ineffective assistance

of PCRA counsel and PCRA court error for failing to grant him an extension of time to respond

to the court's Rule 907 notice. (Resp. Ex. E). On May 26, 2010, the Superior Court issued a

memorandum opinion. (Resp. Ex. G). The Superior Court observed:

> In the instant case, while PCRA counsel did file a *Turner/Finley* "no-merit" letter
> requesting permission to withdraw, the docket neither reflects nor does the record
> contain an order granting counsel leave to withdraw. Consequently, PCRA
> counsel remains Appellant's counsel of record.
>
> We, therefore, remand and direct the PCRA court to order Pasquale Colavita,
> Esq., to file in this Court, within 45 days of the filing of [the] memorandum, either
> an advocate's brief or a brief consistent with the dictates of *Turner/Finley*.

(Resp. Ex. G at 3). On September 1, 2010, the Superior Court issued the following *per curium*

order:

> In [the] memorandum [ ] filed May 26, 2010, this Court directed the PCRA court
> to order Pasquale Colavita, Esq., to file **in this Court**, within 45 days of the filing
> of the memorandum, either an advocate's brief or a brief consistent with the
> dictates of *Turner/Finley*. Forty-five days have passed since May 26, 2010, and
> we have yet to receive a brief from Attorney Colavita. The PCRA court's docket
> reflects that, contrary to [the] memorandum and without justification to do so, the

5

court granted Attorney Colavita permission to withdraw from this case. We now
direct the PCRA court to appoint new counsel to represent Appellant within seven
days of the date of this order.

Newly appointed counsel will then have 45 days from the date of appointment to
file **in this Court** either an advocate's brief or a brief consistent with the dictates
of ***Turner/Finley***.

(Resp. Ex. G at 3-4 (emphasis in original)). On September 24, 2010, the Superior Court issued

another *per curiam* order, stating:

In [the] memorandum opinion [ ], this Court directed the PCRA court to order
Pasquale Colavita, Esq., to file in this Court, within 45 days of the filing of the
memorandum, either an advocate's brief or a brief consistent with the dictates of
***Turner/Finley***. Contrary to [the] memorandum and without jurisdiction to do so,
the court granted Attorney Colavita permission to withdraw from the case.

On September 1, 2010, we issued a *per curiam* order directing the PCRA court to
appoint new counsel to represent Appellant within seven days of the date of that
order. More than seven days have passed since we issued our *per curiam* order.
The PCRA court has not complied with our order.

We again direct the PCRA court to appoint new counsel to represent Appellant
within seven days of the date of this order. Newly appointed counsel will then
have 45 days from the date of appointment to file in this Court either an
advocate's brief or a brief consistent with the dictates of ***Turner/Finley***. We
further direct the Prothonotary of this Court to provide a copy of this order to the
President Judge of the Court of Common Pleas of Philadelphia County.

(Resp. Ex. G at 4). On October 13, 2010, Heather Sias, Esq., was appointed to represent Sanders

on appeal. (*Id.*) Attorney Sias filed a *Turner/Finley* brief and a petition to withdraw in the

Superior Court. (Resp. Ex. F). Sanders subsequently filed a response to the petition and brief.

(Resp. Ex. G at 4).

On May 3, 2011, the Pennsylvania Superior Court issued a decision regarding the PCRA

court's dismissal of Sanders' petition. (Resp. Ex. G). Because the Superior Court found that

Attorney Sias fulfilled the requirements of *Turner/Finley*, the court reviewed Sanders' claims.

6

(Resp. Ex. G at 6-9). After reviewing his claims, the Superior Court affirmed the denial of post-conviction relief and concluded that Sanders had waived his claims by failing to raise them in a timely response to the PCRA Court's Rule 907 Notice. (*Id.*) The Pennsylvania Supreme Court denied Sanders' petition for allowance of appeal on July 2, 2012. *Commonwealth v. Sanders*, 47 A.3d 847 (Pa. 2012). On September 25, 2012,[1] Sanders filed the present federal habeas corpus petition, setting forth the following grounds for relief:[2]

(1)     the state courts erred in denying his motion to dismiss all charges due to speedy trial rights violations (Claim A);

(2)     prosecutorial misconduct (Claim B);

(3)     ineffectiveness of PCRA counsel for failure to claim ineffectiveness of trial counsel (Claim C); and

(4)     ineffectiveness of PCRA counsel for failure to claim ineffectiveness of direct

---

[1] Sanders' habeas petition is dated September 25, 2012. (Pet. at 19). However, the petition was filed on September 27, 2012. (Pet. App. I). Under the prison mailbox rule, the petition is deemed filed when placed in the prison mail system by the Petitioner, presumably on the date he signed it.

[2] As a preliminary matter, I note that Sanders' petition is timely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one year statute of limitations for the filing of a petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."); *Morris v. Horn*, 187 F.3d 333, 337 (3d Cir. 1999). The one-year limitation period starts from "the date on which the judgment became final by the conclusion of the direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The one year statute of limitations may be tolled during the time that: (1) a properly filed PCRA petition is pending; or (2) under qualifying equitable circumstances. 28 U.S.C. § 2244(d)(2); *Merritt v. Blaine*, 326 F.3d 157, 161-162 (3d Cir. 2003). No portion of the one year federal statute of limitations elapsed between the time that the Pennsylvania Supreme Court denied Sanders' petition for allowance of appeal and the time that he filed his PCRA petition because the time for filing a certiorari petition with the United States Supreme Court had not yet lapsed. Sanders then filed his federal habeas petition approximately two months after the Pennsylvania Supreme Court denied his request for review of his timely PCRA petition.

7

appeals counsel (Claim D).

*See* (Pet. at 8-13). On April 3, 2013, Respondents filed a Response. (Doc. No. 13). On March 21, 2013, Sanders filed a "Traverse with points and authorities." (Doc. No. 16).

## II.  Discussion

### A.  Exhaustion and Procedural Default

Pursuant to the AEDPA, "a district court ordinarily cannot grant a petition for writ of habeas corpus arising from petitioner's custody under a state court judgment unless the petitioner first has exhausted his available remedies in state court." *Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir. 2010) (citing 28 U.S.C. § 2254(b)). In order for a claim to be exhausted, "'[b]oth the legal theory and facts underpinning the federal claim must have been presented to the state courts, and the same method of legal analysis must be available to the state court as will be employed in the federal court.'" *Tome v. Stickman*, 167 Fed. Appx. 320, 322-23 (3d Cir. 2006) (quoting *Evans v. Court of Common Pleas, De. County, Pa.*, 959 F.2d 1227, 1231 (3d Cir. 1992)). A state prisoner must "fairly present" his federal claims to the state courts before seeking federal habeas relief by invoking "one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. In Pennsylvania, one complete round includes presenting the federal claim through the Superior Court on direct or collateral review. *See Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004).

A federal court may excuse the exhaustion requirement if it would be futile for the petitioner to seek relief in the state court system. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981);

8

*Toulson v. Beyer*, 987 F.2d 984, 986 (3d Cir. 1993); 28 U.S.C. § 2254(b)(1)(B)(i)-(ii). The

PCRA is the sole means for obtaining collateral relief from convictions in Pennsylvania; thus,

exhaustion is deemed futile if the PCRA's statute of limitations has expired. *See Keller v.*

*Larkins*, 251 F.3d 408, 415 (3d Cir. 2001). When a petitioner is barred from seeking further

relief in state court for an unexhausted claim, the claim is considered procedurally defaulted. *Id.*

A federal court may not consider a procedurally defaulted claim unless "the prisoner can

demonstrate cause for the default and actual prejudice as a result of the alleged violation of

federal law, or demonstrate that failure to consider the claim[] will result in a fundamental

miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To demonstrate

cause, the petitioner must show that "'some objective factor external to the defense impeded

counsel's efforts to comply with the State's procedural rule.'" *Fogg v. Phelps*, 414 Fed. Appx.

420, 429-30 (3d Cir. 2011) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). "Examples

of external impediments which have been found to constitute cause in the procedural default

context include 'interference by officials,' 'a showing that the factual or legal basis for a claim

was not reasonably available to counsel,' and 'ineffective assistance of counsel.'" *See United*

*States v. Pelullo*, 399 F.3d 197, 223 (3d Cir. 2005) (quoting *Wise v. Fulcomer*, 958 F.2d 30, 34

n.9 (3d Cir. 1992)). To show prejudice, a petitioner must show more than a potential for

prejudice, but rather that the error "'worked to his *actual* and substantial disadvantage, infecting

his entire trial with error of constitutional dimensions.'" *Murray*, 477 U.S. at 494 (quoting

*United States v. Frady*, 456 U.S. 152, 170 (1982)). If a petitioner fails to satisfy both prongs, the

procedural default may not be excused.

To demonstrate a fundamental miscarriage of justice, a petitioner must show that a

9

"'constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Murray*, 477 U.S. at 496). This "actual innocence" is satisfied if petitioner can show that, in light of new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Id.*; *Houck*, 625 F.3d at 93.

### B.      Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") grants to persons in state or federal custody the right to file a petition in a federal court seeking the issuance of a writ of habeas corpus. *See* 28 U.S.C. § 2254. Generally, a habeas corpus petition shall not be granted unless the petitioner has exhausted all remedies available in the courts of the state, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1).

AEDPA increased the deference federal courts must give to the factual findings and legal determinations of the state courts. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002); *Wertz v. Vaughn*, 228 F.3d 178, 196 (3d Cir. 2000) (citing *Dickerson v. Vaughn*, 90 F.3d 87, 90 (3d Cir. 1996)). Pursuant to 28 U.S.C. § 2254(d), as amended by AEDPA, a petition for habeas corpus may be granted only if: (1) the state court's adjudication of the claim resulted in a decision contrary to, or involved an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of the United States;" or if (2) the adjudication resulted in a decision that was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Factual issues determined by a state court are presumed to be correct, and the petitioner bears the burden of rebutting this

10

presumption by clear and convincing evidence. *Wertz*, 228 F.3d at 196.

The Supreme Court expounded upon this language in *Williams v. Taylor*, 529 U.S. 362 (2000). In *Williams*, the Court explained that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Hameen v. State of Delaware*, 212 F.3d 226, 235 (3d Cir. 2000) (citing *Williams*, 529 U.S. at 389-390). The Court in *Williams* further stated that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." *Hameen*, 212 F.3d at 235 (citing *Williams*, 529 U.S. at 388-389). "In further delineating the 'unreasonable application of' component, the Supreme Court stressed that an unreasonable application of federal law is different from an incorrect application of such law and a federal habeas court may not grant relief unless that court determines that a state court's incorrect or erroneous application of clearly established federal law was also unreasonable." *Wertz*, 228 F.3d at 196 (citing *Williams*, 529 U.S. at 389).

C.    **Sanders' Claims**

1.    **Claim A: Speedy Trial Claim**

Sanders first claims that the trial court erred when it denied his Motion to Dismiss under

11

Rule 600(G) of the Pennsylvania Rules of Criminal Procedure.[3] (Pet. at 8(a)). He asserts that, because the Commonwealth violated his speedy trial rights under Rule 600, the trial court erred in denying his motion to dismiss all charges. *(Id.)* Because Sanders does not claim that his speedy trial rights under federal law or the United States Constitution were violated, I conclude that he does not raise a viable claim for habeas relief.

Habeas relief may only be granted if a petitioner is held in custody in violation of "the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *see also Ross v. Dist. Attorney of the Cnty. of Allegheny*, 672 F.3d 198, 207 n.5 (3d Cir. 2012) (quoting *Swarthout v. Cooke*, __ U.S. __, 131 S. Ct. 859, 861 (2011)) ("The Supreme Court has 'stated many times that federal habeas corpus relief does not lie for errors of state law.'"). Thus, "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (internal quotation marks omitted). *See also Johnson*, 117 F.3d at 109 ("[A] state court's misapplication of its own [state] law does not generally raise a [federal] constitutional claim.").

Here, Sanders' speedy trial claim is brought solely under Pennsylvania law. It is well settled that such a claim does not state a cognizable ground for habeas relief. *See Cann v. Bickle*, No. 11-5078, 2012 U.S. Dist. LEXIS 46388, at *27 (E.D. Pa. Mar. 30, 2012) ("speedy trial claims under Rule 600(A)(2) and the Pennsylvania Constitution are not the proper subject of habeas review, in that they are based on state, and not federal law) *(approved by* 2012 U.S. Dist. LEXIS 75257 (E.D. Pa. May 31, 2012)); *see also Wells v. Petsock*, 941 F.2d 253, 256 (3d Cir. 1991) (refusing to consider violation of Pennsylvania's speedy trial law in assessing the

---

[3] The Motion to Dismiss was filed on September 26, 2005, after his case was remanded and prior to the start of his second trial. (Pet. at 8(a)).

constitutional speedy trial right). Accordingly, because a speedy trial claim under Pennsylvania

Rule 600 is not cognizable in habeas corpus, I recommend that Claim A be denied.[4]

## 2.    Claim B: Prosecutorial Misconduct Claim

In Claim B, Sanders asserts that he is entitled to habeas review because the prosecutor

allegedly lied under oath in violation of Rules 600(D)(2) and 600(G) of the Pennsylvania Rules

of Criminal Procedure, as well as Rule 2572 (a)(1) of the Pennsylvania Rules of Appellate

Procedure. (Pet. at 10(a)). This claim stems from the prosecutor's testimony at Sanders' 2005

Rule 600 hearing, in which the prosecutor testified about the state's efforts to locate the

complaining witness (Mr. Raynor). (*Id*). Sanders argues that the prosecutor lied during his

testimony, and as a result the state court should not have allowed the Commonwealth to *nolle*

---

[4] To the extent Petitioner now asserts a violation of his constitutional right to a speedy trial, such a claim is unexhausted and procedurally defaulted. The only arguments Sanders made in the state court regarding his speedy trial rights were under Rule 600. The assertion of a state law speedy trial claim does not suffice to exhaust a federal speedy trial claim. *See Cook v. Petsock*, No. 89-6196, 1993 U.S. Dist. LEXIS 625 (E.D. Pa. Jan. 19, 1993) (Rule 600 claim did not fairly present a federal speedy trial claim).

As noted above, when a petitioner can no longer obtain state review of unexhausted claims, the exhaustion requirement is excused and the claims become procedurally defaulted. *Werts*, 228 F.3d at 192. Pursuant to the PCRA, collateral actions must be filed within one year of the date the conviction at issue becomes final. 42 Pa. Cons. Stat. § 9545(b)(1). A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania and the Supreme Court of the United States, or at the expiration of time for seeking such review. 42 Pa. Cons. Stat. § 9545(b)(3). The PCRA statute of limitations is not tolled while a PCRA petition is pending. *See* 42 Pa. Cons. Stat. § 9545(b)(1) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final.").

Here, Sanders' judgment became final when direct review concluded on June 17, 2008, ninety days after the Supreme Court of Pennsylvania denied allocatur. *See Whitney v. Horn*, 280 F.3d 240, 252 n.13 (3d Cir. 2002). Accordingly, Sanders' time for seeking further collateral review expired on June 17, 2009. Because Petitioner is time-barred from seeking further state court review, his unexhausted federal claim is procedurally defaulted. *See Werts*, 228 F.3d at 192. Petitioner sets forth no basis to excuse his default, and thus federal review of Claim A is barred.

13

*prosequi* the charges and bring them again once the witness was found. (*Id*).

Sanders' prosecutorial misconduct claim was not properly exhausted by being fairly presented in either his direct appeal or in his PCRA proceedings. In Sanders' 1925(b) statement, the only errors he alleged involved the trial court's granting the Commonwealth's request to *nolle prosequi* the charges, the denial of his Rule 600(G) motion to dismiss, and the denial of his *Batson* motion. (Resp. Ex. A at Sanders' 1925(b) Statement). His direct appeal brief only alleged trial court error in denying his Rule 600(G) motion to dismiss and in granting the request *nolle prosequi* the charges. (Resp. Ex. A at 5). In his first *pro se* PCRA petition, Sanders brought allegations asserting a *Batson* claim, trial counsel ineffectiveness in failing to perform a pretrial investigation, and trial counsel ineffectiveness in failing to properly bring a speedy trial claim. (Resp. Ex. C at 3, App. A, App. B).

Petitioner raised Claim B for the first time in his PCRA appellate brief to the Pennsylvania Superior Court, but did not raise it before the PCRA court. (See. Resp. Ex. E at 18). Because Petitioner failed to raise Claim B at any time during his direct appeal or through one complete round of the PCRA proceedings, this claim is unexhausted. *See O'Sullivan*, 526 U.S. at 845. As noted above, Petitioner is barred from seeking further review in the state courts. Thus, Claim B is procedurally defaulted, and I recommend that relief be denied on that basis.[5]

### 3. Claims C and D: PCRA Counsel Ineffectiveness

In claims C and D, Sanders seeks habeas relief based upon PCRA counsel's ineffectiveness. (Pet. at 12(a), 13(a)). Specifically, Sanders alleges that PCRA counsel was ineffective for: (1) failing to bring a claim of ineffective assistance of trial counsel for its failure

---

[5] Petitioner does not provide any argument to excuse his default.

14

to conduct a pretrial investigation on an alibi witness (Claim C), and (2) failing to raise a claim of ineffective assistance of appellate counsel for its failure to raise the *Batson* claim on direct appeal (Claim D).  (Pet. at 12(a), 13(a)).

It is well settled that "the ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."  28 U.S.C. § 2254(i).  Specifically, habeas relief is not available for the ineffectiveness of PCRA counsel.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 539 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks"); *Abu-Jamal v. Horn*, 520 F.3d 272, 297 (3d Cir. 2008) ("errors in collateral proceedings are not a proper basis for habeas relief."); *Tillett v. Freeman*, 868 F.2d 106, 107-08 (3d Cir. 1989) (counsel's ineffective assistance during PCRA proceedings is not a federal claim for habeas relief); *Richardson v. Piazza*, No. 07-2065, 2010 WL 234852, at * 3 (E.D. Pa. Jan. 20, 2010) (Ineffective assistance of PCRA counsel "is not cognizable in a federal habeas corpus petition because the right to effective assistance of PCRA counsel exists pursuant to state law, and is not mandated by the Constitution or laws or treaties of the United States.").  Here, Sanders seeks habeas relief solely on the ground that his PCRA counsel was ineffective.[6]  Because ineffectiveness of PCRA counsel is not a cognizable ground for relief, I recommend denying Claims C and D.  *See* 28 U.S.C. § 2254(i).

_____

[6] In *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), the Supreme Court recognized a "narrow exception" to the general rule that attorney errors in collateral proceedings do not establish cause to excuse a procedural default.  *Id.* at 1315.  However, *Martinez* did not recognize a new substantive constitutional right, and ineffectiveness of PCRA counsel still does not entitle one to habeas relief.  *See Moore v. DiGuglielmo*, 489 F. App'x. 618, 627 n.5 (3d Cir. 2012).

15

## III.    CONCLUSION

For all the foregoing reasons, I respectfully recommend that the petition for writ of habeas corpus be **DISMISSED** without an evidentiary hearing and with no certificate of appealibility granted.

Therefore, I respectfully make the following:

## RECOMMENDATION

AND NOW, this __1ST__ day of May, 2014, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED without an evidentiary hearing and with no certificate of appealability issued.

Petitioner may file objections to this Report and Recommendation. *See* Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE

17

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DONNELL SANDERS,** | : | **CIVIL ACTION** |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **NO. 12-5525** |
| | : | |
| **JON D. FISHER, ET AL.,** | : | |
| **Respondents.** | : | |

## O R D E R

AND NOW, this          day of                    , 2014, upon careful and

independent consideration of the petition for a writ of habeas corpus filed pursuant to 28

U.S.C. § 2241, and after review of the Report and Recommendation of United States Magistrate

Judge Lynne A. Sitarski, IT IS ORDERED that:

      1. The Report and Recommendation is APPROVED and ADOPTED.

      2. The petition for a writ for habeas corpus filed pursuant to 28 U.S.C. § 2254 is

DISMISSED without an evidentiary hearing.

      3. There is no basis for the issuance of a certificate of appealability.

                              BY THE COURT:

                              _____

                              EDMUND V. LUDWIG,      J.